**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 5 2025**

John P. Gustafson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No.** 24-32471 |
| | ) | |
| James C. Stewart | ) | **Chapter** 7 |
| | ) | |
| **Debtor.** | ) | |
| | ) | **JUDGE JOHN P. GUSTAFSON** |

**MEMORANDUM AND ORDER**

On February 27, 2025, this court held a hearing on correspondence dated January 5th, 2024, and received by the court from Kristina M. Barker ("Ms. Barker"), Debtor's former spouse. The letter attached a copy of a "Final Judgment Entry" filed in the Court of Common Pleas, Lucas County, Ohio, Domestic Relations Division, Case No. DR2022-0088 [Doc. #10]. Ms. Barker, Counsel for Debtor and the Chapter 7 Trustee were all present at the hearing by phone.

**BACKGROUND**

The Debtor and Ms. Barker (who appeared *pro se*) were divorced on April 14, 2023, pursuant to the Final Judgment Entry issued by the Lucas County Domestic Relations Division

("State Court"). [*Id.*]. In the Final Judgment Entry, the State Court ordered:

> [T]hat neither party shall file a Bankruptcy and claim any debts that can be seen as marital debt that the other party could be trying to discharge by filing for a Bankruptcy in which other party would then be responsible for said debt. Said provision is enforceable and the Domestic Relations Court holds continuing jurisdiction.

[Doc. #10, p. 10].

While not entirely clear, it appears that this provision could be viewed as prohibiting both parties – the Debtor and Ms. Barker – from filing bankruptcy for an indefinite amount of time. It also seems to state that neither party may "claim any debts that can be seen as marital debt" in any bankruptcy that is filed.

Because this pro se filing may implicate issues of the court's jurisdiction under *Rooker-Feldman*, and Debtor's standing to be a Chapter 7 debtor, the court raises these issues *sua sponte*. *See, Saker v. Nat'l City Corp.*, 90 F. App'x. 816, 818 n. 1 (6th Cir. 2004)("Because *Rooker–Feldman* concerns federal subject matter jurisdiction, this court may raise the issue *sua sponte* at any time."); *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606–07 (6th Cir. 2007)("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*."). On this basis, the court reviews the legal implications of the State Court's Final Judgment Entry on the Debtor's bankruptcy case, including whether such a provision affects this court's jurisdiction over Debtor's Chapter 7 case, whether the bankruptcy requirements regarding the listing of debts have been altered, and ultimately the Debtor's ability to seek to discharge any joint martial debts in this forum.

## LAW AND ANALYSIS

### I. The Prohibition Against Either Party Filing A Bankruptcy

The United States Supreme Court has recognized that "where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. * * * The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum." *Donovan v. City of Dallas*, 377 U.S. 408, 413, 84 S.Ct. 1579, 1582-1583, 12 L.Ed.2d 409 (1964)(quoting *Peck v. Jenness*, 48 U.S. (7 How.) 612, 625 (1849)); *see also, Sec. & Exch. Comm'n v. Bilzerian*, 2025 WL 294955 at *9 n.8, 2025 U.S. Dist. LEXIS 13238 at *27 n.8 (D.D.C. Jan. 24, 2025).

In *Donovan*, a state court tried to block a party from filing a case in federal court, raising federalism concerns. The issue in this case is whether a state court order can prevent the Debtor from filing for bankruptcy when the requirements for filing bankruptcy are set by federal statutes. *See e.g.*, 11 U.S.C. Section 109.

"The Bankruptcy Clause empowers Congress to establish 'uniform Laws on the subject of Bankruptcies throughout the United States.' U. S. Const., Art. I, § 8, cl. 4." *Siegel v. Fitzgerald*, 596 U.S. 464, 473, 142 S.Ct. 1770, 1778, 213 L.Ed.2d 39 (2022). As one bankruptcy court has held: "under the Supremacy Clause and the federal bankruptcy laws, the state court could not have prohibited [debtor] from filing." *In re Westlake Prop. Holdings, LLC*, 606 B.R. 772, 778 (Bankr. N.D. Ill. 2019). "The settled rule is that the jurisdiction of the courts in bankruptcy in the administration of the affairs of insolvent persons and corporations is exclusive and paramount." *In re Yaryan Naval Stores Co.,* 214 F. 563, 565 (6th Cir. 1914); *In re 530 Donelson, LLC*, 660 B.R. 887, 891 (Bankr. M.D. Tenn. 2024); *see also*, *In re Donaldson Ford, Inc.*, 19 B.R. 425, 430 (Bankr. N.D. Ohio 1982).

In *Gonzales v. Parks*, the Ninth Circuit Court of Appeals stated:

> Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one. Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek relief in cases Congress has specifically precluded those courts from adjudicating.

*Gonzales v. Parks*, 830 F.2d 1033, 1035 (9th Cir. 1987).

The underlying facts in *Gonzales* involved a bankruptcy court order that vacated a state court judgment that imposed liability on debtors and their attorney for filing a bankruptcy petition, holding that such a judgment was void from the outset. The U.S. Court of Appeals for the Ninth Circuit affirmed, reasoned that allowing state courts to penalize attorneys for initiating bankruptcy proceedings would undermine the exclusive jurisdiction of federal bankruptcy courts. *Gonzales*, 830 F.2d at 1037. Accordingly, just as the *Gonzales* court found that state court interference with a debtor's attorney subverted federal jurisdiction, here, the State Court's attempt to restrict either party's ability to seek bankruptcy relief appears to present a direct conflict with principles of federalism, Constitutional "uniformity", and provisions of the Bankruptcy Code.

Similarly, in this case, the State Court's order prohibiting either party from filing for bankruptcy and/or listing any joint marital debts raises serious concerns under both the Supremacy Clause of the United States Constitution and the doctrine of "preemption".

The Sixth Circuit Court of Appeals decisions provide guidance on bankruptcy preemption issues:

> [A] primary, underlying purpose of the Bankruptcy Code is to provide a uniform, nationwide system by which claims are handled. As this Court has recognized, a mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy code, 11 U.S.C. § 101 et seq., demonstrates Congress's intent

> to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike. While it is true that bankruptcy law makes reference to state law at many points, the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal. It is very unlikely that Congress intended to permit the superimposition of state remedies on the many activities that might be undertaken in the management of the bankruptcy process.

*AmeriCredit Financial Services, Inc. v. Long (In re Long)*, 519 F.3d 288, 296–97 (6th Cir. 2008) (*quoting Pertuso v. Ford Motor Credit Co*., 233 F.3d 417, 425 (6th Cir. 2000).

The Sixth Circuit summarized the categories of implied preemption in *Torres*:

> State laws that interfere with or are contrary to federal law are invalid. Federal law may preempt state law expressly or implicitly .... Implied preemption has two types, field and conflict. The former applies when federal law is so "pervasive" in one particular field that it exclusively occupies that field. The latter applies when federal and state laws conflict in a way that would make compliance with both impossible, or when the state laws interfere with the operation of the federal program.

*Torres v. Precision Indus., Inc*., 995 F.3d 485, 491 (6th Cir. 2021).

Without delving too deeply into preemption law, bankruptcy is an area where federal law is so pervasive that implied preemption should be held to apply under these facts, and preventing specific individuals from filing bankruptcy based on the existence of marital debts would appear to interfere with the operation of the federal bankruptcy system.

Looking at the statutory provisions of the Bankruptcy Code, there is a section of the Bankruptcy Code captioned: "Who May Be A Debtor" that lists many of the requirements for filing bankruptcy. *See*, 11 U.S.C. Section 109. Because bankruptcy is constitutionally a federal law area, with a Constitutional "uniform" laws requirement, additional state court restrictions on those federal statutory requirements for bankruptcy filing cannot be given effect.

In short, State legislatures and state courts cannot add additional filing restrictions not found in the Bankruptcy Code. *See generally*, *Wis. Pub. Intervenor v. Mortier*, 501 U.S. 597, 604, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991)("[S]tate laws that interfere with, or are contrary to [federal law] are invalid."). Therefore, just as the judgment in *Gonzales* was void from the outset, the restriction to file bankruptcy imposed by the State Court should likewise be deemed invalid as an improper encroachment on federal bankruptcy jurisdiction.

**II. The Prohibition Against Listing Joint Marital Debts**

The Final Judgment Entry also appears to contain what could be read as a prohibition against the listing of any marital debt. This prohibition directly conflicts with the statutory requirement of 11 U.S.C. Section 521(a)(1)(A), which makes it a debtor's duty to file a list of creditors. *See also*, Federal Rule of Bankruptcy Procedure 1007(a)(1); *In re Mitchell*, 418 B.R. 282, 288 (8th Cir. BAP 2009)("Congress has charged debtors with the duty to list creditors, . . . The burden falls on the debtor to list *all* creditors.")(emphasis in original); 4 Collier on Bankruptcy, ⁋521.03[1] at p. 521-13 (16th ed. 2024)("Under Rule 1007(a), the list of creditors should be a list of *all* creditors, as well as the other entities required to be listed. The debtor is not permitted to omit creditors from the list because the debtor does not want those creditors affected by the bankruptcy case or does not want them to know about the case or for any other reason.")(emphasis in original).

In addition, 28 U.S.C. Section 1334(a) provides that the district courts shall have "original and exclusive jurisdiction of all cases under title 11." As Collier has stated: "The meaning of the words "original" and "exclusive" is plain, and only one point need be noted. The exclusivity of

the jurisdiction is intended to make it clear that no jurisdiction over bankruptcy cases[1] is left to the state courts." 1 Collier on Bankruptcy, ⁋3.01[2] at 3-6 (16th ed. 2024).

Thus, no effect can be given to any restriction that the Final Judgment Entry attempted to place upon either parties' compliance with the requirement that a debtor list all of their debts.

**III. The State Court Had No Jurisdiction To Predetermine Dischargeabilty**

To the extent that the State Court's Final Judgment Entry is attempting to hold a debt non-dischargeable prior to a bankruptcy case being filed, decisions have held that to be improper because jurisdiction to determine the issue of dischargeability had not yet arisen. *See e.g.*, *Castellini Company LLC v. Haag Food Service, Inc*., 2017 WL 168899 (S.D. Ill. Jan. 17, 2017)(federal District Court held that it did not have jurisdiction to determine dischargeability of a debt where there was no allegation that a bankruptcy had been filed); *In re Gibbs*, 107 B.R. 492, 497 (D.N.J. 1989)("There is no provision in title 28, title 11 or elsewhere in the law which authorizes any federal court to exercise jurisdiction over any proceeding arising under title 11, or over any other bankruptcy issue, until a bankruptcy case is commenced by the filing of a petition."). The fact that U.S. District Courts do not have pre-bankruptcy filing jurisdiction to determine dischargeability would appear to apply with even greater force to state courts.

There is substantial case law that deals with this issue from the perspective of state court decisions. As the *Halpern* court noted: "Policy considerations dictate that dischargeability questions cannot be predetermined either by a state court or by agreement of the parties prior to or in anticipation of the possible filing of a bankruptcy case." *Matter of Halpern*, 50 B.R. 260, 262 (Bankr. N.D. Ga. 1985), *aff'd*, 810 F.2d 1061 (11th Cir.1987); *see also*, *Spyke, Inc. v. Zufall (In re*

---

1/ As will be noted below, there is concurrent jurisdiction to determine the dischargeability of domestic relations debts under Section 523(a)(5), but that jurisdiction only arises AFTER a bankruptcy case has been filed.

*Zufall)*, 2007 WL 601568 at *3, 2007 Bankr. LEXIS 648 at *8 (Bankr. D.S.D. Feb. 21, 2007)(Holding that pre-filing waivers of the bankruptcy discharge are void as against public policy, and stating: "A state court judgment that incorporates such a prepetition agreement is equally unenforceable."); *Doug Howle's Paces Ferry Dodge, Inc. v. Ethridge (In re Ethridge)*, 80 B.R. 581, 586 (Bankr. M.D. Ga.1987)(holding that "the provisions of the consent judgment which pertain to the waiver of Defendant's right to a discharge are void"); *In re George*, 15 B.R. 247, 249 (Bankr. N.D. Ohio 1981).

This is not to say that state courts do not have substantial powers in terms of what domestic relations obligations are discharged in bankruptcy. While the Bankruptcy Code makes provision for the non-dischargeability of certain types of domestic obligations in 11 U.S.C. §523(a)(5) and (a)(15), as the Supreme Court has stated: "The scope of a federal right is, of course, a federal question, but that does not mean that its content is not to be determined by state, rather than federal law. . . . This is especially true where a statute deals with a familial relationship; there is no federal law of domestic relations, which is primarily a matter of state concern." *De Sylva v. Ballentine*, 351 U.S. 570, 580, 76 S.Ct. 974, 980, 100 L.Ed. 1415 (1956).

The Bankruptcy Code's definition of a "domestic support obligation" makes debts for alimony, maintenance, or support non-dischargeable. *In re Perlin*, 30 F.3d 39, 40-41 (6th Cir. 1994)("A debtor's obligation to pay alimony, maintenance, or support to his or her former spouse may not be discharged."). While the use of one of those labels is not dispositive as to non-dischargeability[2] in all circumstances, "a state court's award of alimony is entitled to deference

2/ The definition of a "domestic support obligation" in §101(14A)(B) states that the determination is made: "without regard to whether such debt is expressly so designated;". It should be noted that this provision allows bankruptcy courts to determine obligations that are not labeled as "alimony, maintenance or support" to be non-dischargeable and, on the other hand, to find obligations labeled as "alimony, maintenance or support" to be

when labeled and structured as such." *In re Sorah*, 163 F.3d 397, 401 (6th Cir. 1998)(reversing the bankruptcy court's decision for second-guessing the state court's award and failing to give proper deference to the state court divorce decree.)

For Section 523(a)(15), bankruptcy courts look to language in domestic relation orders designating an award as a property settlement, or stating that one spouse will hold the other harmless on a particular debt. *See, In re Zaepfel*, 665 B.R. 58, 61 (Bankr. W.D. Ky. 2024)("the principal examples of debts encompassed by § 523(a)(15) are usually those arising out of property settlements and hold-harmless agreements between divorcing or separating spouses."); 4 Collier on Bankruptcy, ⁋523.23 at 523-132 (16th ed. 2024)("Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable.").

In addition, once a bankruptcy has been filed, state courts have concurrent jurisdiction to determine the dischargeability of debts under Section 523(a)(5) and (a)(15) and can make that determination once the automatic stay has terminated.[3] *See, Lewis v. Lewis (In re Lewis ),* 423 B.R. 742, 755 (Bankr. W.D. Mich. 2010)("...state courts have concurrent jurisdiction with...bankruptcy court[s] over nondischargeability debt determinations to be decided under § 523(a)(15).").

Thus, there are ways for state domestic relations courts to strongly influence the ultimate decision as to whether or not a debt will be held non-dischargeable in bankruptcy. However,

---

dischargeable. Of course, bankruptcy dischargeability determinations must be made in accordance with binding precedential authority.

3/ At present, there is no statutory or rules-based time limit for bringing an action to determine dischargeability under §§523(a)(5) and (a)(15). *Compare*, §523(c) and Federal Rule of Bankruptcy Procedure 4007(b): "(b) Time for Commencing Proceeding Other Than Under §523(c) of the Code. A complaint other than under §523(c) may be filed at any time."

prohibiting the filing of bankruptcy, or the listing of domestic support obligations, is not one of the permitted paths.

Accordingly, for the reasons stated herein, the State Court's order cannot limit the Debtor's ability to seek bankruptcy relief, or limit the bankruptcy requirement that all debts be listed, and any such restrictions are invalid.

## CONCLUSION

The State Court's order prohibiting the Debtor and the parties from filing for bankruptcy to discharge marital debts conflicts with the fundamental principles of federalism and specific Bankruptcy Code and Bankruptcy Rule provisions. Under *Donovan*, a court's jurisdiction cannot be stripped by another court's order, and attempts to restrict access to bankruptcy relief violates the exclusive authority of the bankruptcy courts over matters that arise under Title 11. Similarly, as held in *Gonzales*, state court judgments that interfere with a debtor's ability to file for bankruptcy, or impose penalties for doing so, cannot be given effect. Because eligibility to file bankruptcy is established by congressional legislation enacted pursuant to a constitutional mandate, any state court restrictions that seek to further restrict bankruptcy eligibility of individual debtors are unenforceable. Similarly, state courts cannot restrict what debts may be listed by a debtor in bankruptcy, nor may they predetermine the dischargeability of a debt prior to a bankruptcy case being filed.

Accordingly, this court finds the State Court's Final Judgment Entry has no effect on the Debtor's ability to proceed with this bankruptcy case.

**IT IS SO ORDERED.**